## CHICAGO & EASTERN ILLINOIS RAILROAD COMPANY

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Railroads—Obstruction of Highways—Sec. 77, Chap. 114, R. S.—Instructions.*

1. To excuse an illegal act, it must have been done by an unavoidable accident.

2. An instruction to the effect that the jury in a given case must find the facts alleged by the plaintiff to be proven from the evidence beyond reasonable doubt, and that the defendant must be given the benefit of any reasonable doubt, properly applies to criminal cases, but not a prosecution under Sec. 77, Chap. 114, R. S., to recover a penalty. The rule applicable to such case as to the quantum of evidence is, that the jury shall find the defendant guilty on a clear preponderance of the evidence.

3. It is likewise the rule in such cases that liability will attach if it is shown that defendant intended to do the acts which the law denominates as illegal.

4. The fact being that the highway in question was obstructed for thirty-five minutes, this court holds, in view of the evidence, that the same was caused through the negligence of defendant's servants, and declines to interfere with the judgment for the plaintiffs.

[Opinion filed May 20, 1892.]

APPEAL from the Circuit Court of Kankakee County; the Hon. C. R. STARR, Judge, presiding.

Messrs. T. P. BONFIELD and W. H. LYFORD, for appellant.

Mr. WILLIAM R. HUNTER, State's Attorney, for appellees.

LACEY, P. J.   This was an action commenced by appellees before a justice of the peace to recover a penalty authorized under Sec. 77, Chap. 114, R. S., for obstructing a highway crossing by the cars of the appellant more than ten minutes. The case was tried before the justice, resulting in

judgment in favor of appellees for $20 and costs. Upon appeal to the Circuit Court the case was tried before a jury, which found a verdict for appellees and assessed their damages at $50, and say in their verdict that they mean by damages debt, forfeiture or fine. After overruling a motion by appellant for a new trial the court rendered judgment on the verdict, from which judgment this appeal is taken. As far as the facts of the case are concerned there was no dispute but that the highway was so obstructed for more than ten minutes, to wit, thirty-five minutes, and a number of persons incommoded thereby. The contention of the appellant is, that the obstruction was caused by unavoidable accident and was not on account of negligence of appellant's servant. We think, however, the evidence fails to sustain such claim. It was the duty of the brakeman to keep the cars off the crossing, or inform the conductor. There was nothing in the circumstances to prevent the brakeman from doing so, or of informing the conductor. The objection to the fourth instruction is not well taken. It is an instruction in the language of the statute, and therefore as a general proposition of law it is correct. The refused instructions numbers four and eight, to the effect that the jury must find the facts alleged by the plaintiff to be proven from the evidence beyond a reasonable doubt, and that the defendant must be given the benefit of any reasonable doubt, were not correct and did not announce the law correctly as applicable to this class of cases. Such rule of law only applies to criminal cases, while this is a prosecution under the statute to recover a penalty. The rule applicable to a case like this as to the quantum of evidence is, that the jury shall find the defendant guilty on a clear preponderance of the evidence. Instructions numbers six, seven and nine, offered by appellant and refused, were properly so refused and properly modified as to instruction nine. It is not true, as a proposition of law, that the appellant or its employes should have an actual intent to violate the law in placing the cars upon the crossing and allowing them to remain there. It was sufficient if they intended to do the

acts which the law denominates as illegal. The court was right in instructing the jury that to excuse an illegal act, it must have been done by an unavoidable accident.

Seeing no error in the record the judgment of the court below is affirmed.

*Judgment affirmed.*